BARNES *v.* CAMPBELL & a.

The business of publishing a newspaper is not, of itself, a lawful occasion for making, in such paper, a false charge of crime.

CASE, for libel in accusing ·the· plaintiff of crime.   Plea, the general issue, with a brief statement alleging that the defendants are conductors and publishers of a newspaper published at, &c., and as such it was part of their duty to give to their readers such items of news as they might properly judge to be of interest and value to the community, and that, as such conductors ,and publishers, they published the article complained of, in good faith, without ·malice, believing and having good reason to believe the same to be true.

Motion by the plaintiff to reject the brief statement.

*Sulloway & Topliff*, for the plaintiff.

*C. R. Morrison* and *Osgood*, for the defendants.

SMITH, J.   Matter in justification must be pleaded.   But according to some decisions, matter in excuse may be given in evidence under the general issue, or be pleaded.   *State* v. *Burnham*, 9 N. H. 34, 43, and authorities cited; *Carpenter* v. *Bailey*, 53 N. H. 590.   In this view of the case, it is, perhaps, immaterial whether or not the brief statement is defective.   But, treating the brief statement and the motion to reject it as intended to raise the question whether the brief statement sets forth a defence, we are of opinion that it does not.   The defendants probably intended to set out the excuse of a lawful occasion, good faith, proper purpose, and belief and probable cause to believe· that the publication was true.   They laid stress upon their business of publishing a newspaper.   But professional publishers of news are˙ not exempt, as a

privileged class, from the consequences of damage done by their false news. Their communications are not privileged merely because made in a public journal. They have the same right to give information that others have, and no more. *Smart* v. *Blanchard*, 42 N. H. 137, 151 ; *Palmer* v. *Concord*, 48 N. H. 211, 216 ; *Sheckell* v. *Jackson*, 10 Cush. 25. The occasion of the defendants' publishing a false charge of crime against the plaintiff was not lawful, if the end to be attained was not to give useful information to the community of a fact of which the community had a right to be and ought to be informed, in order that they might act upon such information. *State* v. *Burnham*, 9 N. H. 34, 41, 42 ; *Palmer* v. *Concord*, 48 N. H. 211, 217 ; *Carpenter* v. *Bailey*, 53 N. H. 590—*S. C.*, 56 N. H. 283. The defendants do not state facts that would constitute a lawful occasion. They make a loose averment of their general duty to give their readers such news as they (the defendants) might properly judge to be of interest and value to the community. This should be struck out of the record as insufficient and misleading. It is, in effect, an intimation that they published the libel in the usual course of their business, and is calculated to give the jury the erroneous impression that the defendants' judgment of the propriety of the publication is evidence of the lawfulness of the occasion. The defendants' general business of publishing interesting and valuable news was not, of itself, a lawful occasion for publishing this particular, false, and criminal charge against the plaintiff. It will be for the jury to say what weight the defendants' business has as evidence on the question of malice. But however high the defendants' vocation, and however interesting and valuable the truth which they undertake to give their readers, their ordinary and habitual calling is no excuse for assailing the plaintiff's character with this false charge of crime. They must show specific facts constituting a lawful occasion in this particular instance, as if this false charge had been the only thing they ever published. They allege nothing of that kind. They do not state that the community had any interest which would have been protected or promoted by the publication complained of if it had been true, or had a right to be or ought to be informed of the subject-matter of it in order that they might act upon correct information of it, or that the information given would have been practically useful to anybody if it had been true. This is the substance of a lawful occasion. The brief statement contains no specification on this point.

*Motion granted.*

STANLEY, J., did not sit: the others concurred.