Merrimack, }
Dec., 1896. }

## GILES *v.* THE JOHN B. CLARKE CO.

A declaration setting forth a libelous publication, and containing nothing that would justify or excuse it, is not demurrable on the ground that the words complained of were published concerning the plaintiff as a fair criticism upon a person occupying a *quasi* public position.

CASE, for libel. The declaration alleges, in substance, that the plaintiff is, and for some time has been, an attorney-at-law; that he was practicing his profession and receiving large profits therefrom; that he was a person of good name, credit, and reputation; that the defendants, well knowing the premises and intending to injure the plaintiff and bring him into public scandal and disgrace, maliciously published in the newspapers, " The Daily Mirror and American," and " The Mirror and Farmer," the following false and libelous matter concerning him :

" ' Giles [meaning the plaintiff], a Manchester man, has relieved his mind to Bryan by O. K.-ing New Hampshire. Now let the procession move.'—*Nashua Press.*

"Avast, there, you lubberly liar! Giles [meaning the plaintiff] a Manchester man ! Not by eighteen full length miles. He's a Concord man, from the sole of his [meaning the plaintiff's]

cloven hoof to the crown of his [meaning the plaintiff's] cranky head. Then why do you pin him [meaning the plaintiff] upon the map of Manchester? What have we done that you put such an indignity as that upon us? Haven't we troubles and annoyances enough without him [meaning the plaintiff]? Aren't B—— and P—— and C—— our share? Isn't the Bowery about all our reputation will bear? Giles [meaning the plaintiff] a Manchester man! Impossible. Nothing has escaped from Barnum's aggregation of humbugs and featherheads. General W——'s collection of exhibition apes hasn't arrived, and F—— didn't comb anything out of his hair while he was here. There is no imaginable source from which Giles [meaning the plaintiff] could have come to Manchester. We have had the freshet, the insect pest, the drouth, O——, F——, and a great variety of other unwelcome visitations this summer, but thus far we have escaped Giles [meaning the plaintiff]."

That, by reason of said publication, the plaintiff has been brought into public scandal and disgrace, has been greatly prejudiced in his credit and reputation as an attorney-at-law, has lost and will lose great gains and profits that would have come to him but for the publication, and has been otherwise injured and damnified in his business and reputation.

The defendants demurred, assigning the following cause : The writing set out in the declaration shows that the words complained of were published of and concerning the plaintiff as a fair criticism upon a person occupying a *quasi* public position.

*Albin, Martin & Howe*, for the plaintiff.

*Barron Shirley*, for the defendants.

CHASE, J. "A malicious publication, tending to injure the reputation of the person libeled, and expose him to public hatred, contempt, or ridicule," is a libel. *Palmer* v. *Concord*, 48 N. H. 211, 214, 215 ; *Smart* v. *Blanchard*, 42 N. H. 137, 151. The publication set forth in the declaration has this tendency in respect to the plaintiff. Nothing that would justify or excuse it appears in the declaration. *State* v. *Burnham*, 9 N. H. 34 ; *Palmer* v. *Concord, supra*, 216, 217 ; *Barnes* v. *Campbell*, 59 N. H. 128.

*Demurrer overruled.*

All concurred.